1  DAVID SMITH, WSBA #29824                    Honorable Timothy W. Dore
2  Law Offices of David Smith, PLLC            Chapter 11
   201 Saint Helens Ave
3  Tacoma, WA 98402
   253-272-4777
4

5                    UNITED STATES BANKRUPTCY COURT
6              WESTERN DISTRICT OF WASHINGTON AT SEATTLE

       In re:
7
       Paradise Dream Consultants, LLC          Bankruptcy Case No.: 12-170070-PBS
8                                                Chapter 11

9                               Debtor.

10                                              OBJECTION TO CLAIM # 1 OF
                                                TERESA PREKASKI
11

12

13                               OBJECTION

14      **COMES NOW**, PARADISE DREAM CONSULTANTS, LLC, the above named Debtor,

15  by and through its attorney, The Law Offices of David Smith, PLLC, and objects to the claim of

16  Teresa Prekaski and shows in support thereof as follows:

17      The Debtor filed its single-asset, small business Chapter 11 bankruptcy on July 6, 2012.  The

18  Debtor's sole asset is real property located in Hawaii with the following TMK numbers: TMK 2-8-010-

19  004, 2-8-010-005, 2-8-011-005, 2-8-011-021, and 2-8-011-022 ( the "Subject Property").  Debtor's First

20  Amended Plan of Reorganization is currently awaiting confirmation.

21      Ms. Prekaski has filed a proof of claim, No. 1, for $3,500,000. The Debtor objects to claim

22  No. 1 because the Debtor believes the claim is unenforceable against the Debtor and the property of

23  the Debtor under applicable Hawaii State law. *See* 11 U.S.C. § 502(b)(1).

24      Specifically, Ms. Preskaski transferred the Subject Property to the Debtor by quit claim

25  deed, vesting absolute ownership in the Debtor. *See* Haw. Code R. § 656-1. A true and correct

*Objection to Claim # 1 of Teresa Prekaski*

                                              **Law Offices of**
                                              **David Smith, PLLC**
                                              201 Saint Helens Avenue
                                              Tacoma, WA 98402
                                              (253) 272-4777
                                              (253) 461-8888

copy of the quit claim deed is attached as **Exhibit A**. Accordingly, Ms. Prekaski's claim is barred by the statute of frauds.

This Court need not reach the ownership issue, however, to find the claim disallowed. Ms. Prekaski's claim cannot be allowed for equitable reasons. In the Hawaii Third Circuit case, *Prekaski v. Prekaski*, No. 10-1-0364 (Haw. 3rd Cir.), Ms. Prekaski claims that the transfer of the Subject Property was for "estate planning purposes," and asks the Court to provide equitable relief, including the imposition of a constructive trust and an injunction against the Debtor.

However, "[o]ne who comes into equity must come with clean hands." *Shinn v. Edwin Yee Ltd.*, 57 Haw. 215, 230-31 (1976); *see also Woodward v. Auyong*, 33 Haw. 810, 811-12 (1936). Ms. Prekaski's Answers to Interrogatories elaborate on the events surrounding the transfer, providing that she absconded with her children to Mexico to avoid a paternity suit. After returning to Hawaii – either voluntarily or involuntarily – Ms. Prekaski admits transferring the property because "[t]he Paternity case became bitter." A true and correct copy of Plaintiff Teresa L. Prekaski's Response to Defendants Timothy A. Prekaski and Paradise Dream Consultants, LLC's First Request for Answers to Interrogatories to Plaintiff Teresa L. Prekaski is attached as **Exhibit B**. Ms. Prekaski acted with unclean hands by transferring the property to the Debtor in an effort to prevent her ex-husband from obtaining the property in their divorce; her claim should be disallowed.

**WHEREFORE**, for the reasons state above, the Debtor respectfully requests this Court deny claim No. 1 of Teresa Prekaski in its entirety, or in the alternative, preserve the right of the Debtor to object to the claim post confirmation.

*Objection to Claim # 1 of Teresa Prekaski*

**Law Offices of**
**David Smith, PLLC**
201 Saint Helens Avenue
Tacoma, WA 98402
(253) 272-4777
(253) 461-8888

Case 12-17070-TWD    Doc 66    Filed 03/26/13    Ent. 03/26/13 14:32:47    Pg. 2 of 33

Dated this 25th day of March, 2013,

David C. Smith, WSBA 29824
Attorney for Debtor

*Objection to Claim # 1 of Teresa Prekaski*

**Law Offices of**
**David Smith, PLLC**
201 Saint Helens Avenue
Tacoma, WA 98402
(253) 272-4777
(253) 461-8888

# EXHIBIT A

CRUDELE & DE LIMA
Attorneys at Law
A Law Partnership

WILLIAM B. HEFLIN          7644
Hilo Lagoon Centre
101 Aupuni Street, Suite 133
Hilo, Hawaii 96720
Telephone Number:   (808) 969-7707
Facsimile Number:   (808) 969-6606

Attorneys for Plaintiff
TERESA L. PREKASKI

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| TERESA L. PREKASKI,<br><br>             Plaintiff,<br><br>vs.<br><br>TIMOTHY A. PREKASKI, PARADISE DREAM CONSULTANTS, LLC, et al.,<br><br>             Defendant. | Civil No. 10-1-0364<br><br>**PLAINTIFF TERESA L. PREKASKI'S RESPONSE TO DEFENDANTS TIMOTHY A. PREKASKI AND PARADISE DREAM CONSULTANTS, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF TERESA L. PREKASKI** |

P:\BILL H - ACTIVE CASES\Prekaski, Teresa (Timothy Prekaski Matter)\Drafts\120524 Plt respse to 1st interog.wpd

## PLAINTIFF TERESA L. PREKASKI'S RESPONSE TO DEFENDANTS TIMOTHY A. PREKASKI AND PARADISE DREAM CONSULTANTS, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF TERESA L. PREKASKI

COMES NOW TERESA L. PREKASKI, by and through her attorneys of record,

CRUDELE & DE LIMA, and hereby submits *Plaintiff Teresa L. Prekaski's Response to*

*Defendants Timothy A. Prekaski and Paradise Dream Consultants, LLC's First Request for*

*Answers to Interrogatories to Plaintiff Teresa L. Prekaski*, dated April 10, 2012.

DATED:     HILO, HAWAII,     MAY 24 2012
_____

_WILLIAM B. HEFLIN_ (signature)

WILLIAM B. HEFLIN
Attorney for Plaintiff TERESA L. PREKASKI

# INTERROGATORIES

### Interrogatory Number 1

Please state your full name, address, date of birth, and social security number.

<u>Answer:</u>

Teresa Lynn Prekaski

101 Aupuni Street, Suite 114, Hilo, HI. 96720

█████████ 1959

XXX-XX-6963 (If whole social security number needed will provide with stipulated protective order that number is not be disbursed or used for improper purposes.)

### Interrogatory Number 2

Please state all names you have used since birth, including, but not necessarily limited to, maiden name, nicknames, pseudonyms, pen names, & aliases.

<u>Answer:</u>

Teresa Lynn Prekaski

Teresa Prekaski

Terry Prekaski

**Interrogatory Number 3**

State the name, address, and last known telephone number of each attorney or estate planner with whom you have consulted about a will and/or a trust and/or other estate planning matters at any time during your adult lifetime. For each person and/or entity listed, state the 1st and last date on which you had contact.

Answer:

Objection. Request is overbroad as to request for information regarding "adult lifetime" as that is a 35 year time period, including 28 years prior to transfer of the subject property in the instant case.

Without waiving the aforementioned Objection, the only "estate planner" I have dealt with is my brother, Timothy Prekaski, who suggested that I transfer the subject property to his name to protect it for the benefit of my children from possible legal action from their father Aaron Wagner, or in case I died.

The only attorneys I have consulted with regarding a will and/or trust and/or other estate planning matters is ROBERT MILSAP, Esq.,(7016 35th Avenue NE, Seattle WA. 98115 (206) 583-2740) in the summer of 2005, and I signed the documents prepared by him on October 26, 2005. Mr. Milsap was originally contacted by my brother Timothy Prekaski, and according to Timothy Prekaski, he remained in contact with Mr. Milsap. I only remember meeting with Mr. Milsap one time with my brother.

I contacted ALAN S. KONISHI, Esq., (P.O. Box 1456, Hilo, HI. 96721 (808)960-4072) sometime in 2010, who referred me to another attorney whom do not remember their name. I went to their office and they gave me documents to fill out, but I still have not returned them.

I contacted MARC STERNS, Esq., (1825 N.W. 65th Street, Seattle Washington, (206) 297-8778)) about sometime in rescinding the Powers of Attorney drafted by ROBERT MILSAP, Esq., which was done .

I also contacted the attorneys at CRUDELE & DE LIMA, regarding the instant lawsuit sometime in the late summer/early fall of 2010.

**Interrogatory Number 4**

If you have not consulted with anyone in the firm of Crudele & DeLima concerning your estate planning, please state why you did not.

Answer:

I did not consult with anyone in the firm of Crudele & De Lima regarding estate planning because BRIAN J. DE LIMA, Esq., and WILLIAM B. HEFLIN, Esq., informed me that they do not do that kind of work, and those are the only attorneys that I work with at Crudele & De Lima. (I worked with ROBERT J. CRUDELE, Esq., once, and prefer to deal with Mr. De Lima and Mr. Heflin.)

**Interrogatory Number 5**

As of the date you consulted with attorney Robert Milsap in Seattle, Washington, had you ever been told by anyone associated with the firm of Crudele & DeLima that said firm would not or could not help you with estate planning?

Answer:

Yes, see answer number 4. Crudele & De Lima was not involved with the transfer of the Subject Property in this matter from myself to Timothy Prekaski and Paradise Dream Consultants, LLC, or any of my Estate Planning.

**Interrogatory Number 6**

Please state all reasons why you transferred the SUBJECT PROPERTY to Paradise Dream Consultants LLC on or about May 18, 2006.

Answer:
I transferred the subject property to PARADISE DREAM CONSULTANTS, LLC on or about May 18, 2006, as part of my Estate Planning and not as payment for anything else, on the advice of my brother Timothy Prekaski.

**Interrogatory Number 7**

List all accounts you or any alter ego have held at any financial institution for all or any part of the years 2000 through 2012. For each account, state the account number, current balance, and, if the account is now closed, the balance on the date the account was closed.

Answer:
Objection: Overbroad and irrelevant, especially as to dates in question, 6 years prior to transfer of subject property, and up to 6 years after.
Without waiving the aforementioned objection, Plaintiff is willing to give full account number with stipulated protective order if needed, that information not to be disbursed or used for improper purposes.

| Bank: | Acct #/Owner | Balance |
|---|---|---|
| Bank of America | XXXXX077/Teresa Prekaski | $479.40 |
| Bank of America | XXXXXXX762/Teresa Prekaski | $545.71 |
| American Savings Bank | XXXXXXX673/Teresa Prekaski | $972.41 |
| Home Street Bank | XXXXXXX656/Tina Enviromental | $674.83 |
| Chase Bank formerly Washington Mutual | XXXXXXXXX344/Teresa Prekaski | $685.46 |
| Washington Mutual | XXXXXXX026/Teresa Prekaski with Timothy Prekaski POA | Abt $3,000.00 Closed 6/1/10 |

**Interrogatory Number 8**

State the name and address of every business entity (i.e. corporation, partnership, sole proprietorship, joint venture, or "hui") of which you are, or at any time were, an officer, director, joint venturer, consultant, owner, or partner since January 1, 2000.

Answer:

Objection: Question is overly broad and irrelevant to the instant case.
Without waiving the aforementioned objection, I own the following LLCs:
OLULU PARADISE HOME, LLC, RED SEAS, LLC, PURPLE FLOWERS, LLC, TINA
ENVIROMENTAL, LLC, NAALEHU GARDENS LLC, ALAA FARMS, LLC, ALAA
ENVIROMENTAL, LLC, FOUNTAIN OF YOUTH, LLC, KITTY CORNER, LLC, ETC.,ETC.
all of whose address are 101 Aupuni St., Suite 114, Hilo, HI. 96720.
I am also partners with BEVERLY MOLFINO in the ownership of a property,
and my address is 101 Aupuni St., Suite 114, Hilo, HI. 96720.
I am also partners with STEVEN SHROPSHIRE in the ownership of a property,
and my address is 101 Aupuni St., Suite 114, Hilo, HI. 96720.


**Interrogatory Number 8**

List all real property owned by you or in which you have or have had an interest from January 1, 2000 to the present, whether or not located within the State of Hawaii. For each such property, please state (a) the address; and (b) the tax key or other identifying number assigned to the property by the jurisdiction in which the property is located.

Answer:

Objection: Question is overbroad and irrelevant to the instant case beyond
properties involved in the instant action.
Without waiving the aforementioned objection, see attached table # 1.

**Interrogatory Number 9**

Please provide each and every fact regarding the attempted sale of the subject property to Patrice Facchini alleged by paragraphs 20 – 22 of the Verified Complaint, including, but not limited to the terms and conditions of the sale, financing, and the "unforeseen complications" you allege caused the sale to "fall through."

<u>Answer:</u>

I met PATRICE FACCHINI sometime in Seattle in 2008, and we were introduced by a Realtor whom I never worked with named Jim (last name unknown) and I showed her various properties in Hawaii when she visited that she claimed she wanted to purchase. Since she lived in Seattle, Timothy Prekaksi informed me that he began to meet her regarding various business ventures. Patrice and Timothy came up with various schemes to sell or re-finance various properties that I own, however, their main focus was the Naalehu property that Timothy and I own, and my personal home in Ninoole. These schemes came to include the Subject Property in 2009. The terms and conditions for that sale are attached to the Verified Complaint as Exhibit "F". I did not get into the details of how Patrice was going to finance the property. The unforseen complications for the sale falling through was because Patrice could not secure financing. I have had very limited contact with Patrice since the attempted purchase fell through, but I am informed that Timothy continued his business dealings with her for some time.

**Interrogatory Number 10**

State each and every fact that you rely upon to establish the "confidential relationship" you claim you had with Timothy Prekaski.

<u>Answer:</u>
TIMOTHY PREKASKI is my younger brother. I have known him my entire life. We had a typical brother and sister relationship that became closer in 2003 when both of us were going through life crises. Timothy went through a divorce and called me often. Shortly after that, my relationship with my children's father began to deteriorate, and Timothy and I spent hours talking on the phone almost everyday and became much closer. Many of the problems I was having with my children's father was due to his drug and alcohol abuse. As a former addict, Timothy expressed his concerns about his niece and nephew's welfare in case anything happened to me, and we talked about my children's future. (See additional pages.)

**Interrogatory Number 11**

Describe each word, act, and/or conduct that you rely upon as evidence that Timothy Prekaski and/or Paradise Dream Consultants LLC promised or otherwise caused you believe that either or both would convey the subject property to you upon your request?

Answer:

```
See Above Answer 10.
```

**Interrogatory Number 12**

Do you have any documents that tend to evidence, in any part, an agreement requiring the SUBJECT PROPERTY to be conveyed to upon your request or upon the occurrence of any other contingency. If your answer is "No," explain why there is no such document. If your answer is "Yes" please concisely identify each and every document you claim evidences that agreement.

Answer:

```
The only document from Timothy Prekaski that I currently have and am aware
of reflecting the agreement between us that he return the Subject Property
upon my request is a copy of an unsigned Quitclaim Deed drafted by Timothy
Prekaski in 2008 transferring the Subject Property by Quitclaim Deed back
from Paradise Dream Consultants, LLC to myself. Timothy Prekaski told me
that we would execute the agreement, and that he would place it in a
safety deposit box in Seattle, WA, and give the key to his daughter
███████████████████ for safekeeping who would retrieve it and return it to
me if anything happened to him.
(Continued.)
```

**Interrogatory Number 13**

State the name, address, and telephone number of each person present or known to you to have information about any word, act, and/or conduct described in your response to Interrogatory Number 11. For each person, briefly summarize why you believe they have information and what you believe they know.

<u>Answer</u>:

Greg Nichols, (206)388-2177, 933 N.W. 97th St., Seattle, WA 98117, would testify as to multiple conversations with Defendant Timothy Prekaski while working to develop the Naalehu Property, in which Timothy Prekaski referred to the "Subject Property" as being owned by myself.

Terry Schoenberg, (808)935-4743/895-4595, 101 Aupuni St., Suite 106, Hilo, HI 9620, would testify as to his helping me to secure loans with the "Subject Property" in 2010, and my shock to discovery that Timothy Prekaski had encumbered the property.

Mike Nagai, (808)640-5418, 450 Kilauea, Ave., Hilo, HI 96720, would testify as to his helping me to secure loans with the "Subject Property" in 2010, and my shock to discovery that Timorhy Prekaski had encumbered the property. He would also testify that I directed him to transfer the "Subject Property" to Defendant without escrow, which is not my normal practice.

Gene Aguiar, (808)963-6323/960-8003, P.O. Box 111, Ninole, HI 96773, would testify as to our past and current business with the "Subject Property."

Mike Schreiber, (808)895-8292, P.O. Box 340, Laupahoehoe, HI 96764, would testify as to the fact that I was the person who had the "Subject Property" listed for sale for several years after the transfer.

**Interrogatory Number 14**

Provide the caption and case number for each and every court, administrative, and/or other action you have had at any time involving Aaron Wagner (aka Ernie Wagner).

<u>Answer:</u>

3FCP 05-1-0217 AARON THOMAS WAGNER v. TERESA L. PREKASKI

3CC 07-1-0045 TERESA PREKASKI v. AARON THOMAS WAGNER, ET AL.

**Interrogatory Number 16**

State the full name, telephone number, and address of each and every person known to you to have knowledge of any statement, written or oral, which pertain, in any part, to anything you allege in your Verified Complaint. For each person, briefly state what knowledge you believe the person to have and why you believe that person has said knowledge.

<u>Answer</u>:
See Above Answer Numbers 13 and 15.

**Interrogatory Number 17**

If you know of any statements obtained from any person or persons regarding the facts and/or damages alleged in your Verified Complaint, please state the following:

     a.     The date of the statement;

     b.     The name, address, and telephone number of the person who made the statement;

     c.     The name, address, and telephone number of the person who obtained the statement;

     d.     The name, address, and telephone number of the person who presently has custody or possession of the statement;

     e.     Whether the statement was obtained as an audio recording, video recording, and/or written statement;

     f.     A summary of the statement.

**Answer:**

A.    I do not remember the exact date(s) of the statements that my brother, TIMOTHY PREKASKI made to me regarding holding the property in trust for me, but he made numerous such statements from 2005 until January 2010, when I found out that he had no intention of returning the property to me.

I do not know the exact date(s) of the statements that TIMOTHY PREKASKI made to others, including, but not limited to GREG NICHOLS (see above answer number 13 for his contact information) about my ownership of the property.

A review of the e-mails in the request for production (for request # 4) show the dates that I learned that the subject property had been has been mortgaged by TIMOTHY PREKASKI via e-mails from TERRY SCHONENBERG and MIKE NAGAI.

B.    GREG NICHOLS, TERRY SCHONENBERG, AND MIKE NAGAI's contact information noted above.

C.    See above.

D.    See above.

E.    Memorialized via e-mails.

F.    See production reqeust number 4.

**Interrogatory Number 18**

State with specificity each and every item of damage that you claim was caused by
Timothy Prekaski and/or Paradise Dream Consultants, LLC. For each item specified, the
amount of monetary damages you are claiming and a detailed explanation of how you
determined the monetary amount you claim.

<u>Answer</u>:

I am claiming that I have been damaged by TIMOTHY PREKASKI and/or PARADISE
DREAM CONSULTANTS, LLC's failure to return the "subject property" to me
upon request, and TIMOTHY PREKASKI's use of the property as collateral for
a loan from Defendant STEPHEN R. DAWSON. I have been damaged by TIMOTHY
PREKASKI and/or PARADISE DREAM CONSULTANTS, LLC's at the present and
historical value of the subject property as to be determined in the future
by a licensed appraiser or economist. TIMOTHY PREKASKI's actions caused
me to have to take out loans in early 2010 at a far higher interest rate
than I would have had he not encumbered the subject property, and I intend
to show this through a review of the documents by an economist to be hired
at trial. I desire my brother to just return the subject property to me
unencumbered by the improper loan he took out on the property.

**Interrogatory Number 19**

Please identify each and every court, administrative, or other legal proceeding in which Plaintiff has been a party since January 1, 2000. For each matter state: (a) the caption and number of the proceeding; (b) the name of all parties to the proceeding; (c) the nature of the matter; (d) the date the matter was initiated; (e) the date the matter terminated; and (f) how the matter resolved.

<u>Answer:</u>

Objection, overbroad and not material to the instant case for traffic infractions, and legal proceedings many years prior and after transfer of the Subject Property and for parties not related to the instant case. Furthermore, except for paternity action, all information could be gotten by Defendant from checking Hawaii Court Records at Ho'ohiki or E-Court Kokua.

1.   A)   3CC 04-1-0423 IVAN W. BUDDENHAGEN, etal v. TERESA L. PREKASKI, et al.

     B)   Plaintiffs IVAN W. & EVELYN S. BUDENHAGE, Defendant TERESA L. PREKASKI.

     C)   Contract.

     D)   12/15/2004

     E)   1/17/2006

     F)   Settlement

2.   A)   TITLE GUARANTY, ESCROW, et al. v. SATOSHI SUZUKI, et al.

     B)   Plaintiffs TITLE GUARANTY ESCROW SERVICES, INC., Defendants SATOSHI & SAKIKO SUZUKI, KAZUTO NAKAMURA, TERESA L. PREKASKI, STARTS INTERNATIONAL HAWAII, INC., BIG ISLAND LAND COMPANY.

     C)   Interpleader

     D)   5/27/05

     E)   5/8/06

     F)   Settlement

(Continued)

**Interrogatory Number 20**

Identify by name each person whom you intend to call as an expert witness for any purpose in this action along with the facts, opinions, and subject matter on which the expert is expected to testify.

<u>Answer:</u>

No experts engaged yet. Anticipate that I will be hiring an appraisal expert regarding present and historical values. I also anticipate hiring an economic expert to testify regarding damages.

**Interrogatory Number 21**

State the name of each expert whom you have retained or employed regarding any issue concerning this action who is not expected to be called as a witness at trial along with the facts, opinions, and subject matter on which each expert has assisted you in any way in this case.

<u>Answer:</u>

None so far.

Case 12-17070-TWD    Doc 66    Filed 03/26/13    Ent. 03/26/13 14:32:47    Pg. 20 of 33

**Interrogatory Number 22**

If you, your attorney, or anyone acting on your behalf have any pictorial, documentary, or other physical evidence which in any manner relates to the subject matter of this lawsuit (including, but not limited to photographs, motion pictures/videos, maps, drawings, diagrams, measurements, memoranda, surveys) then state a specific description of what each item purports to show, illustrate or represent, the name and address of the person having custody of such item and the date(s) such evidence was acquired by you.

<u>Answer</u>:

None besides any such information as produced in the request for production.

**Interrogatory Number 23**

Do you, your attorney, or anyone acting on your behalf have knowledge of any examination, inspection, tests, experiments, or other studies made by any other person(s) for the purpose of arriving at a conclusion or an opinion on any questions involved or purported to be involved in this action.

<u>Answer</u>:

No, not at this time.

**Interrogatory Number 24**

Identify by name each person you intend to call as a witness at trial or for any other proceeding, including rebuttal witness(es) along with their address, occupation, employer, and facts, opinions, and subject matter on which the person is expected to testify.

Answer:

Besides myself, at this time, I anticipate calling TIMOTHY PREKASKI, GREG NICHOLS, TERRY SCHONENBERG, MIKE NAGAI, MIKE SCHREIBER, and GENE AGUIAR for sure at trial, in addition to expert witnesses to be retained. These potential witnesses contact information and anticipated statements is discussed above in Answers 13, 15 and 16.

**Interrogatory Number 25**

If you, your agents, investigators or attorneys, or anyone acting on your behalf, have obtained statements of any kind, whether written, stenographic, recorded, reported, oral or otherwise, from any person who has knowledge of facts pertinent to this case, state separately for each such person:

> (a)      the name and last known address of each person;

> (b)      the type of statement taken;

> (c)      whether or not the statement has been reduced to some permanent form, and, if so, the form it is in;

> (d)      the identity of the present custodian of each statement to be taken; and

> (e)      the date on which the statement was taken.

Answer:

No statements taken at this time.

**Interrogatory Number 26**

Each of the foregoing interrogatories is considered continuing and if you obtain information that renders the answers or one of them incomplete or inaccurate, you are obligated to serve an amended answer or answers. Do you agree to furnish Defendant with amended answers if you obtain information that renders the answers or one of them incomplete or inaccurate?

Answer:

Yes.

STATE OF HAWAII          }
                               } ss

COUNTY OF HAWAII        }

The undersigned _____, being first duly

sworn on oath, deposes and says that the answers to the foregoing interrogatories are true and

correct to the best of my knowledge and belief.

_____
(SIGNATURE)

TERESA L. PREKASKI
_____
(PRINT NAME)

Subscribed and sworn to before me

this _____ day of _____, 2012.

_____
Notary Public

_____
Printed Name

My commission expires _____

GWENDOLYN BORGES
Commission No. 88-744
Notary Public, State of Hawaii
_____ Circuit
Commission expires: 10/29/12

PAGE 21 OF 21

## NOTARY ACKNOWLEDGMENT AND CERTIFICATE
## MADE PURSUANT TO HAWAII ADMINISTRATIVE RULES
## SECTION 5-11-8

Document Date:          May 24, 2012


Case Information:       Teresa L. Prekaski vs. Timothy A.
                        Prekaski; Civil No.  10-1-364


Document Description:  Plaintiff Teresa L. Prekaski's
Response to Defendants Timothy A. Prekaski and
Paradise Dream Consultants, LLC's First Request for
Answers to Interrogatories to Plaintiff Teresa L.
Prekaski


Number of Pages:  Thirty (30)


THIRD CIRCUIT, STATE OF HAWAII

_____   5/24/2012
GWENDOLYN BORGES                             Date

Continued from paragraph 10.

My children's father and I began to break up in 2003, with him moving out Christmas, 2003. We continued to try and work on our relationship for the next year, and I often spoke to Timothy about my problems on a daily basis for hours at a time.

In May, 2005, I left for Seattle with my children to escape their father's substance abuse. While there, I had many conversations with Timothy about my children's future welfare. Timothy expressed his concerns that if anything happened to me without a will, that my children's father would gain control over all of my money and property, and as an addict, he would probably exhaust their money. He suggested that I go in and get a Will made with him as the executor.

Timothy found and contacted ROBERT MILSAP, Esq., to draft my Will. Timothy and I met with Mr. Milsap sometime in the summer of 2005, where he explained various Will and Trust options and went over the pros and cons of each. After that meeting, Timothy and I discussed the various options. Timothy represented to me that he also had further discussion with Mr. Milsap. Timothy told me that Mr. Milsap recommended that I give Timothy a *Durable Power of Attorney Financial Affairs for Teresa Lynn Prekaski* and a *Durable Power of Attorney for Health Care Decisions for Teresa Lynn Prekaski*, which his office drafted, and I later went in to sign on October 25, 2005, however, I do not remember meeting with Mr. Milsap to discuss these matters and relied upon Timothy representations.

I was deeply appreciative of my Timothy's actions during this trying period. Shortly thereafter, my children's father filed a Paternity Action in Hawaii, and I was fearful that I would loose my children and would have to go back to Hawaii.

After further discussions with Timothy, I decided to go to Mexico with my Children to avoid service of the Hawaii Paternity case. In fact, when the process server was pounding on my windows, Timothy rescued me and the Children and drove us to Oregon, and helped me buy a car.

I came back from Mexico in December, 2005, because my son missed his Dad and I decided I had to just deal with the issues in a Court of Law.

The Paternity case became bitter, and I got more and more worried about my children's future. After further discussions with Timothy, I decided to transfer the subject property to him

1

for their benefit.  I trusted Timothy because of our close relationship, his stated affection for my children, and his professed piety and Christian values.  He and I referred to him as my "Executor" and that is why I transferred the property to Paradise Dream, LLC in May, 2006.

I actually had wanted to transfer it directly to him in his name, but when I told him that, he suggested that it would be better if it went to an LLC he was going to make.  He repeatedly assured me that the LLC would return the property to me upon request, and that this arrangement was beneficial for me and my children to shield the property from lawsuits.

(Continued from paragraph 12.)

In early 2010, I had an approved loan for $1,000,000 on the subject property through Terry Schonenberg.  On the brink of securing the loan, I was informed by Mr. Schonenberg that there was already a lien on the property.  I could not believe it, and I went to his office, and he showed me that my brother had mortgaged the property.  (See Exhibit "I" attached to the *Verified Complaint*.)

On January 29, 2010, I had an e-mail conversation with Terry Schonenberg regarding my brother's actions.

On January 30, 2010, I sent an e-mail to Terry Schonenberg that we should still try for the loan, and that I would just pay off my brother's first mortgage.

About the same time, Timothy Prekaski represented to me that he had a buyer for the Naalehu Property (TMK 3-9-4-4-10) for "millions" and he needed me to sign some documents.  In an e-mail conversation that I had with Greg Nickels on February 10, 2010, he indicated that my name was still on the Naalehu property, and that Timothy Prekaski had " . . . also mentioned in the past that the 514 acre piece is your land but that he has full signing authority on it."

(Continued from paragraph 19.)

3)    A) 3RC 06-1-10H TERESA L. PREKASKI v. CONNIE YARBOROUGH, et al.
      B)  Plaintiff TERESA L. PREKASKI, Defendants CONNIE, DAKOTA, and AMBER YARBOROUGH
      C)  Summary Possession
      D)  10/17/06

2

|     |    |                                                                 |
|-----|----|-----------------------------------------------------------------|
|     | E) | 5/13/08                                                         |
|     | F) | Judgment after trial.                                           |

4)  
A) 3RC08-1-107 TERESA L. PREKASKI v. REMARR SYLVESTOR, et al.  
B) Plaintiff TERESA L. PREKASKI, Defendants REMARR & HATTY SYLVESTOR.  
C) Summary Possession  
D) 2/8/08  
E) 5/13/08  
F) Default  

5)  
A) 3RC08-1-0777 TERESA L. PREKASKI v. DAVID ALMOND, etal.  
B) Plaintiffs TERESA L. PREKASKI, MISTY QUIOCHO, Defendants DAVID ALMOND, JASHA SIDELL  
C) Summary Possession  
D) 9/17/08  
E) 10/7/08  
F) Default  

6)  
A) 3RC08-1-753 TERESA L. PREKASKI v. DEBORAH SPENCE  
B) Plaintiffs TERESA L. PREKASKI, Defendant DEBORAH SPENCE  
C) Summary Possession  
D) 7/30/09  
E) 10/14/9  
F) Default  

7)  
A) 3RC09-1-1113 TERESA L. PREKASKI v. BRIANA MIYAO, et al.  
B) Plaintiffs TERESA L. PREKASKI, Defendants BRIANNA MIYAO, JEFFRON GALDONES  
C) Summary Possession  
D) 10/23/09  
E) 1/27/10  
F) Settlement  

8)  
A) 3RC10-1-302 AMERICAN SAVINGS BANK, et al. v. TERESA L. PREKASKI, et al.  
B) Plaintiff AMERICAN SAVINGS BANK, Defendants AARON THOMAS WAGNER, PEPEKEO POINT SHORELINE ASSOCIATION, INC., TERESA L. PREKASKI  
C) Foreclosure  
D) 10/25/10  
E) 3/8/11  
F) Default  

9)  
A) 3RC10-1-305 AMERICAN SAVINGS BANK, et al. v. TERESA L. PREKASKI, et al.  
B) Plaintiff AMERICAN SAVINGS BANK, Defendants AARON  

3

THOMAS WAGNER, PEPEKEO POINT SHORELINE ASSOCIATION, INC., TERESA L. PREKASKI

- C) Foreclosure
- D) 10/26/10
- E) 3/9/11
- F) Default

10)
- A) 3CC10-1-364 TERESA L. PREKASKI v. TIMOTHY A. PREKASKI, et al. (Instant case.)
- B) Plaintiff TERESA L. PREKASKI, Defendants TIMOTHY A. PREKASKI, PARADISE DREAM CONSULTANTS, LLC., STEPHEN R. DAWSON
- C) Constructive Trust
- D) 12/9/10
- E) Ongoing
- F) Pending

11)
- A) 3RC11-1-468 TERESA L. PREKASKI v. KEITH NIIPALI, et al.
- B) Plaintiff TERESA L. PREKASKI, Defendants KEITH NIIPALI, BRENNE CASTRO
- C) Summary Possession
- D) 6/1/11
- E) Ongoing
- F) Pending

12)
- A) 3CC11-1-172 CITIMORTGAGE, INC. v. VICTOR TREVINO, et al.
- B) Plaintiff CITIMORTGAGE, INC., Defendants VICTOR TREVINIO, TERESA L. PREKASKI
- C) Foreclosure
- D) 5/19/11
- E) Ongoing
- F) Pending

13)
- A) 3RC11-1-363 ANGELO PULOS v. TERESA L. PREKASKI, et al.
- B) Plaintiff ANGELO PULOS, Defendant TERESA L. PREKASKI
- C) Foreclosure
- D) 9/19/11
- E) 10/20/11
- F) Dismissed

14)
- A) 3CC11-1-364 MORTGAGE DEEDS, LLC v. TERESA L. PREKASKI
- B) Plaintiff MORTGAGE DEEDS, LLC. v. TERESA L. PREKASKI, OLULU PARADISE HOMES, LLC.
- C) Foreclosure
- D) 9/16/11
- E) Ongoing
- F) Pending

4

15) A) 3CC12-1-164 AMERICAN SAVINGS BANK v. TERESA L.
       PREKASKI, et al.
    B) Plaintiff AMERICAN SAVINGS BANK, Defendant TERESA L.
       PREKASKI
    C) Foreclosure
    D) 3/18/12
    E) Ongoing
    F) Pending

16) A) 3CC12-1-165 AMERICAN SAVINGS BANK v. TERESA L.
       PREKASKI, et al.
    B) Plaintiff AMERICAN SAVINGS BANK, Defendants TERESA L.
       PREKASKI, PEPEKEO POINT SHORELINE ASSOCIATION, INC.,
       PEPEKEO WATER ASSOCIATION, INC., AARON WAGNER
    C) Foreclosure
    D) 3/28/12
    E) Ongoing
    F) Pending

17) A) 3CC12-1-153 AMERICAN SAVINGS BANK v. TERESA L.
       PREKASKI, et al.
    B) Plaintiff AMERICAN SAVINGS BANK, Defendants TERESA L.
       PREKASKI, PEPEKEO POINT SHORELINE ASSOCIATION, INC.,
       PEPEKEO WATER ASSOCIATION, INC., AARON WAGNER
    C) Foreclosure
    D) 3/28/12
    E) Ongoing
    F) Pending

18) A) 3SC8-1-72 JACQUELINE R. PARKER v. THERESA (sic)
       PREKASKI
    B) Plaintiff JACQUELINE R. PARKER, Defendant THERESA (sic)
       PREKASKI
    C) Foreclosure
    D) 4/21/08
    E) 3/1/11
    F) Dismissal

19) A) No. 08-2-158-2 PATRICK R. FULLETON v. TERESA L.
       PREKASKI, et al.
    B) Plaintiff PATRICK R. FULLETON, Defendants TERESA L.
       PREKASKI, A&F TRUSTEE SERVICES, INC.
    C) Contract/Declaratory Action
    D) 3/18/08
    E) 11/19/08
    F) Judgement for TERESA L. PREKASKI after trial.

20) Various Traffic Cases: 3DTI-12-1-1473, 3DTC-12-4601, 3DTI12-

5

604, 3DTP-12-1701, 3DTI-312-1206, 3DTI-12-12-2941, 3DTI-12-4232, 3DTA-11-3451, 3DTI-11-8451, 3DTI-11-10313, 3DTC-11-9102, 3DTI-11-10302, 3DTC-11-9138, 3DTI-11-11599, 3DTC-11-8906, 3DTI-11-2665, 3DTI10-15597, 3DTA-10-1400, 3DTA-10-345, 3DTA-09-2882, 3DTI-09-18942, 3DTA-09-02284, 3DTA-09-1912, 3DTI-0915742, 3DTC-09-13864, 3DTP-08-8443, 3DTI-08-13864, 3DTP-08-8443, 3DTI-08-33652, 3DTC-07-1342, 3DTC-06-1638, 3DTC-6-6941, 1857233MH, 1857232MH, 1755552MH, 00G98747H, 2009711MH, 1695771MH, 1712853MH, 1712852MH

- B)  Plaintiff STATE OF HAWAII, Defendant TERESA L. PREKASKI
- C)  Traffic
- D)  Various times from 2000-2012
- E)  Various times from 2000-2012
- F)  Variously resolved through dismissal through proof shown and dismissal, as part of plea agreements, and judgments for the state after defaults and admissions.

21) Various Washington Traffic Citations, dates, and offenses unknown.

6

| TaxKey | Subdiv/Condo | Address |
|---|---|---|
| 1-2-3-38-2-11 | ALA MOANA HOTEL | 410 Atkinson Dr, Apt 543 |
| 3-1-1-15-39 | Royal Hawaiian Estates | MOKUNA RD |
| 3-1-1-20-28 | Fern Forest Vacation Estates | |
| 3-1-1-20-29 | Fern Forest Vacation Estates | 11-2895 KAHAUALEA RD |
| 3-1-1-21-127 | Fern Forest Vacation Estates | |
| 3-1-1-22-99 | Fern Forest Vacation Estates | |
| 3-1-1-22-102 | Fern Forest Vacation Estates | |
| 3-1-1-22-103 | Fern Forest Vacation Estates | |
| 3-1-1-45-109 | Royal Hawaiian Estates | |
| 3-1-4-2-76 | Laepaoo-Puua | 14-400 PUUA KAPOHO RD |
| 3-1-5-87-13 | Hawaiian Beaches Subdivision | 15-2681 WELEA ST |
| 3-2-2-14-10-14 | Hilo Lagoon Centre | 101 AUPUNI ST, Apt 114 |
| 3-2-2-14-10-208 | Hilo Lagoon Centre | 101 AUPUNI ST, Apt 720 |
| 3-2-3-3-11 | Hilo Town | 100 KAMEHAMEHA AVE |
| 3-2-3-6-1 | Hilo Town | 207 KINOOLE ST |
| 3-2-3-6-15 | Hilo Town | 144 HAILI ST |
| 3-2-3-8-2 | Hilo Town | 301 KEAWE ST |
| 3-2-3-41-13 | Hilo Town Lots | 394 KUKUAU ST |
| 3-2-7-2-21 | Onomea Sugar Company | |
| 3-2-8-3-1 | Pepeekeo | |
| 3-2-8-8-41 | Pepeekeo Point Subdivision Lot 7 | |
| 3-2-8-8-47 | Pepeekeo Point Subdivision Lot 13 | |
| 0.00E+00 | | 0 |
| 3-2-9-3-45 | Wailea | 29-2069 OLD MAMALAHOA HWY |
| 3-3- | 31300 Old mamalahoa | |
| 3-3-1-3-17 | Around Ranch | |
| 3-3-1-3-18 | Around Ranch | |
| 3-3-1-3-33 | Around Ranch | |
| 3-3-1-3-32 | Around Ranch | |
| 3-3-1-3-30 | Around Ranch | |
| 3-3-1-4-36 | Around Ranch | |
| 0.00E+00 | | 0 | 0 |
| 3-3-6-9-8 | Manowaiopae Homesteads | 36-2292 PUUALAEA HOMESTEAD RD |
| 3-3-6-9-46 | Manowaiopae Homesteads | |
| 3-3-9-6-16 | Kukui Camp | 39-123 KUKUI VILLAGE LP |
| 3-4-3-19-3 | | 43-303 PAAUILO HUI LP |
| 3-9-5-24-17 | Naalehu Subdivision | 95-5582 OPUKEA ST |
| 3-9-5-25-27 | Naalehu Subdivision | 95-1206 MILO RD |
| 3-9-6-18-2 | Pahala Village | 96-3113 PIKAKE ST |
| 3-1-1-16-4 | Royal Hawaiian Estates | Alii Kane Mokuna |
| 3-1-1-16-75 | Royal Hawaiian Estates | |
| 3-1-1-16-76 | Royal Hawaiian Estates | |

| | | |
|---|---|---|
| 3-1-1-19-22 | Royal Hawaiian Estates | |
| 3-1-1-23-23 | Fern Forest Vacation Estates | |
| 3-1-1-40-98 | Fern Acres | |
| 3-1-1-41-82 | Fern Acres | |
| 3-1-1-45-23 | Royal Hawaiian Estates | |
| 3-1-1-52-55 | Royal Hawaiian Estates | |
| 3-1-1-53-21 | Royal Hawaiian Estates | |
| 3-1-1-53-22 | Royal Hawaiian Estates | |
| 3-1-1-53-32 | Royal Hawaiian Estates | |
| 3-1-1-53-33 | Royal Hawaiian Estates | |
| 3-1-1-57-15 | Ohia Estates | |
| 3-1-1-57-16 | Ohia Estates | |
| 3-1-1-90-15 | Hawaii's Eden Roc Estates | |
| 3-1-1-90-16 | Hawaii's Eden Roc Estates | |
| 3-1-3-16-20 | Leilani Estates | Alapai St |
| 3-1-8-24-1 | Glenwood Gardens | |
| | | Road 4 |
| 3-1-8-24-2 | Glenwood Gardens | |
| | | Lehuanani St |
| 3-2-2-27-7 | Waiakea Houselots 1st Ser | |
| | | 274 E Lanikuala St |
| 3-2-7-29-33 | Anderton Camp | |
| | | 27-350-A Government Road |
| 3-2-8-11-21 14.75 o | | 0 |
| 3-2-8-11-22 182.0 Honomu | | Honomu |
| 3-2-8-11-5 61.65 ac | | |
| 3-2-8-10-4 161.33 | | |
| 3-2-8-10-5 94.13 ac | | |
| 3-1-1-62-27,28,29,30,31,32 | | from paradise property |
| 3-1-1-64-67-68-70 | | from paradise property |
| | | from paradise property |
| 3-9-4-4-10,22,23,24,25,26 and 30 | | Naalehu Gardens with Tim |
| | | malua Nui |

| | new renovation | white houses |
|---|---|---|
| 1818280300 | Commercial 97&10 | 1831 Hwy 97, Ellensburg |
| 7796000015 | Silver Spurs Ranch Add | 6035 132nd Ave NE |
| 3288200240 | High Woodlands Div 02 | 14209 117th Place NE |
| 1525059208 | Sp 774 | 5510 132nd Ave NE |
| 1088100130 | Bridle View Add | 6115 133rd Ave NE |